IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS ELROY LOVELESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-695-JD |
| ) | |
| GRADY COUNTY, ) | |
| DISTRICT COURT, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a *pro se*[1] state prisoner, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1).[2] United States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). For the reasons stated below, the undersigned recommends that the Petition be **DISMISSED**.

**I.     Screening**

The Court must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

to relief." Rule 4, Rules Governing § 2254 Cases.[3]  "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006).  This Report and Recommendation provides Petitioner with notice, and he can present his position by objecting to the recommendation. *See Smith v. Dorsey*, 30 F.3d 142, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

## II.     Procedural History

On July 6, 2022, in the Grady County District Court, Petitioner was charged with one count of trafficking in illegal drugs and two counts of distribution of a controlled dangerous substance.  Grady County District Court, Case No. CF-2022-165.[4]  Petitioner was released from detention after posting bond on March 14, 2023. *Id.*  On April 29, 2024, the State filed a Motion to Revoke Bond, citing Petitioner's failures to abide by the rules and conditions of bond and his repeated contact with an endorsed witness of the State to prevent or change her testimony. *Id.*  The next day, the State charged Petitioner with

---

[3]The Court may apply "any or all" of the Rules governing § 2254 cases to a habeas petition brought under § 2241. R. 1(b), Rules Governing § 2254 Cases.

[4]https://www.oscn.net/dockets/GetCaseInformation.aspx?db=grady&number=CF-2022-00165&cmid=9517382 (*Docket Sheet*) (last visited Aug. 30, 2024).  The undersigned takes judicial notice of the docket sheets and related documents in Petitioner's state criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

witness intimidation. Grady County District Court, Case No. CF-2024-89.[5] Petitioner's bond was revoked on May 1, 2024. (*See* Doc. 1, at 2); Grady County District Court, Case No. CF-2022-165, *supra* note 4. The Grady County District Court also raised Petitioner's bond from $25,000 to $125,000. (Doc. 1, at 2); Grady County District Court, Case No. CF-2022-165, *supra* note 4.

On May 20, 2024, Petitioner challenged the bond revocation by filing a Motion to Reconsider Basis for Revoke Previous Bond in the Grady County District Court, which was not addressed by the court. Grady County District Court, Case No. CF-2022-165, *supra* note 4. On June 3, 2024, Petitioner filed a habeas corpus petition challenging the bond revocation with the Oklahoma Court of Criminal Appeals ("OCCA"), which declined jurisdiction due to several procedural deficiencies. (*See* Doc. 1, at 2-3); OCCA, Case No. HB-2024-430.[6] On August 2, 2024, Petitioner was convicted of all three drug-related charges following guilty pleas. Grady County District Court, Case No. CF-2022-165, *supra* note 4. Petitioner was also convicted of the witness intimidation charge after pleading guilty on August 2, 2024, stating, "On April 26, 2024, in Grady County, I attempted to obtain a marriage license with Morgan Lee Roberts against her will in an attempt to prevent her appearance in court, when Morgan Lee Roberts was an endorsed witness of the State." Grady County District Court, Case No. CF-2024-89, *supra* note 5.

---

[5] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=grady&number=CF-2024-00089&cmid=11062065 (*Docket Sheet*) (last visited Aug. 30, 2024).

[6] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=HB-2024-430&cmid=137770 (*Docket Sheet*) (last visited Aug. 30, 2024).

Petitioner is currently incarcerated at the Grady County Jail in Chickasha, Oklahoma. OK DOC #206437, Oklahoma Department of Corrections, *OK Offender*.[7]

Petitioner filed the instant Petition on July 7, 2024, prior to his convictions in either Grady County case. (Doc. 1, at 10). Petitioner asserts two grounds for habeas relief. In Ground One, Petitioner alleges, "there is no statute existing in Oklahoma shows there is a law that is a felony for getting a marriage application." (*Id.* at 8). In support, Petitioner explains that he was arrested on April 26, 2024, for applying for a marriage license. (*Id.*) In Ground Two, Plaintiff states, "Not a felony to get a marriage application for marriage license." (*Id.*) In support, Petitioner states, "see indictment sheet information section shows only [Petitioner] arrested and the fraudulent statements." (*Id.*) For relief, Petitioner requests, "pay for injury incurred false arrest, false imprisonment, same as a legal attorney of $1,000.00 one thousand an hour for every hour false imprisoned punitive damages for humiliation." (*Id.* at 9).

### III.   The Petition Should Be Dismissed.

When Petitioner filed the Petition, he was in pretrial detention and had not yet pled guilty to any of the charges against him. Petitioner was correct in filing a habeas petition under 28 U.S.C. § 2241 to challenge his pretrial detention. *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007); *see also Arter v. Gentry*, 201 F. App'x 653, 653-54 (10th Cir. 2006) (agreeing with district court that habeas petition alleging issues related to pretrial detention should be construed as a § 2241 petition).

---

[7]https://okoffender.doc.ok.gov/ (last visited Aug. 30, 2024).

However, Petitioner's conviction on the witness intimidation charge renders moot both Count One and Count Two of the Petition since they challenge Petitioner's arrest and pretrial detention related to the witness intimidation charge. *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009) ("Given the limited focus of typical pretrial-custody petitions under § 2241 . . . such petitions become moot upon the conviction of the petitioner.); *Clark v. Payne*, 341 F. App'x 355, 356 (10th Cir. 2009) ([Section] 2241 petitions that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner."); *Swan v. Friot*, No. CIV-24-475-D, 2024 WL 3371057, at *2 (W.D. Okla. June 17, 2024), *report and recommendation adopted*, 2024 WL 3361651 (W.D. Okla. July 10, 2024) (dismissing the petitioner's § 2241 claim challenging pretrial detention because the petitioner was no longer a pretrial detainee). Since both habeas claims are moot, the Petition should be dismissed.

### IV.     Recommendation and Notice of Right to Object

The undersigned recommends that the Court **DISMISS** Plaintiff's Petition (Doc. 1) in its entirety.

**The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before September 20, 2024,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 30th day of August, 2024.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE