IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS ELROY LOVELESS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-24-00695-JD |
| | ) |
| GRADY COUNTY DISTRICT | ) |
| COURT and GRADY COUNTY | ) |
| DISTRICT ATTORNEY, | ) |
| | ) |
| Respondents. | ) |

**ORDER**

Before the Court is the Report and Recommendation [Doc. No. 6] issued by United States Magistrate Judge Amanda Maxfield Green on August 30, 2024, under 28 U.S.C. § 636(b)(1)(B). Judge Green recommends that Petitioner Chris Elroy Loveless's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] be dismissed as moot. Judge Green advised Loveless of his right to object to the Report and Recommendation on or before September 20, 2024. Loveless timely objected. [Doc. No. 8]. Having reviewed *de novo* the record in this action, including the petition, Report and Recommendation, and objection and supplement [Doc. Nos. 1, 6, 7, and 8], the Court accepts the Report and Recommendation and dismisses Loveless's action as moot.

**I.   Background**

On July 6, 2022, Loveless was charged with one count of trafficking in illegal drugs and two counts of distributing a controlled dangerous substance with intent to distribute in the District Court of Grady County, Oklahoma. *Oklahoma v. Loveless*, CF-

2022-00165.[1] He was released from detention after posting bond, but later, his bond was revoked and he was charged with intimidation of a witness because of his alleged repeated contact with an endorsed witness of the State in an attempt to prevent or change her testimony. *Oklahoma v. Loveless*, CF-2024-00089. The Grady County District Court revoked Loveless's bond in the original proceeding and raised his bond from $25,000 to $125,000. [Doc. No. 1 at 2]; *Oklahoma v. Loveless*, CF-2022-00165. Loveless challenged the bond revocation by filing a Motion to Reconsider Basis for Revoke Previous Bond in the Grady County District Court; the court did not address the motion. *Oklahoma v. Loveless*, CF-2022-00165. Loveless then challenged the revocation in a habeas corpus petition he filed with the Oklahoma Court of Criminal Appeals ("OCCA"), which declined jurisdiction. *Loveless v. Oklahoma*, HB-2024-430.

Loveless then filed a petition for habeas corpus in this Court on July 10, 2024. [Doc. No. 1].[2] Loveless's petition states two grounds for habeas relief. First, "there is no statute existing in Oklahoma shows there is a law that is a felony for getting a marriage

---

[1] The Court takes judicial notice of Loveless's state court proceedings because they are directly related to his federal habeas corpus petition at issue here. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[2] This is one of seven habeas actions filed by Loveless in this Court; six of these are currently pending. *See* 24-cv-00593-JD (§ 2241 action); 24-cv-00695-JD (§ 2241 action); 24-cv-00858-JD (§ 2254 action); 24-cv-00865-JD (§ 2241 action); 24-cv-01174-JD (§ 2254 action); 24-cv-01234-JD (§ 2254 action). Loveless also has filed six 42 U.S.C. § 1983 complaints, five of which are currently pending. *See* 24-cv-00594-JD; 24-cv-00696-JD; 24-cv-00879-JD; 24-cv-00992-JD; 24-cv-01235-JD.

application." *Id.* at 8. To support this ground, Loveless explains that, on April 26, 2024, he "was arrested for a felony [and] imprisoned on $100,000.00 bail" after he and Morgan Lee Roberts—the state's endorsed witness—applied for a marriage license. *Id.* For Loveless's second ground, the petition states: "Not a felony to get a marriage application for marriage license." *Id.* In support, Loveless wrote, "see indictment sheet information section shows only Mr. Loveless arrested and the fraudulent statements." *Id.* Loveless's prayer for relief asks the Court to "pay for injury incurred false arrest, false imprisonment, same as a legal attorney of $1,000.00 one thousand an hour for every hour false imprisoned punitive damages for humiliation." *Id.* at 9.

After filing his petition with this Court, Loveless pleaded guilty on August 2, 2024, to the witness intimidation charge in state court. *Oklahoma v. Loveless*, CF-2024-00089. "On April 26th, 2024," Loveless stated, "[i]n Grady County, I attempted to obtain a marriage license with Morgan Lee Roberts against her will in an attempt to prevent her appearance in court, when Morgan Lee Roberts was an endorsed witness of the State." *Id.* The Grady County District Court issued a judgment and sentence on August 23, 2024, and an amended judgment and sentence (that appears substantively identical) on November 1, 2024. After he entered his guilty plea, Loveless filed several motions to withdraw his plea, which the court overruled on October 17, 2024. *Id.* Loveless also filed various petitions with the OCCA; as to each petition, the OCCA either denied his request

for extraordinary relief or declined to exercise jurisdiction.[3]

## II. Discussion

Loveless objects to the Report and Recommendation, arguing that "the action and claims of Plaintiff's pretrial custody has no reason to become moot, as there is no conviction of Plaintiff." [Doc. No. 8 at 7]. The Court disagrees.

As noted by the Report and Recommendation, Loveless properly filed his petition under 28 U.S.C. § 2241 because, at the time of filing, Loveless was in pretrial detention and had not yet pleaded guilty to the charge against him. [Doc. No. 6 at 4]. Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." The Tenth Circuit has made clear that "a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007).

"Mootness," however, "is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding, and applies in habeas as in any other type of litigation." *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009) (unpublished). In the context of § 2241 pretrial-custody petitions, "such petitions become moot upon the conviction of the petitioner." *Id.* Thus, when the Grady County District Court issued its

---

[3] *See Loveless v. Oklahoma*, MA-2024-606; *Loveless v. Oklahoma*, HB-2024-662; *Loveless v. Oklahoma*, MA-2024-663; *Loveless v. Oklahoma*, PR-2024-675; *Loveless v. Oklahoma*, MA-2024-683; *Loveless v. Oklahoma*, MA-2024-722.

judgment after Loveless pleaded guilty to the witness intimidation charge, the claims in Loveless's petition became moot because he was no longer in pretrial detention. If Loveless's argument that "there is no conviction" refers to his motion to withdraw his guilty plea, that argument is unavailing because the state court overruled his motions to withdraw and issued a judgment and sentence. *Oklahoma v. Loveless*, CF-2024-00089. Further, although a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court will "not endeavor to recast [Loveless's] moot § 2241 petition to fall within § 2254, where the result would be procedurally problematic and practically prejudicial," *Miller*, 331 F. App'x at 610–11. Accordingly, the Court dismisses Loveless's claims without prejudice. *See Brown v. Buhman*, 822 F.3d 1151, 1165, 1179 (10th Cir. 2016).

### III. <u>Appealability</u>

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts,[4] "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Loveless must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *cf. Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (reading § 2253(c)(1)(A) as "applying whenever a state prisoner habeas petition relates to matters

---

[4] Although the Rule governs cases filed under 28 U.S.C. § 2254, Rule 1(b) authorizes the Court to "apply any or all of these rules to a habeas corpus petition not" filed under § 2254.

flowing from a state court detention order" under § 2241). Loveless can satisfy this standard by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). After considering this Order, the Report and Recommendation, and the record, the Court finds that reasonable jurists could not debate the Court's determination that Loveless's habeas petition is moot. Because Loveless cannot make the required showing, the Court declines to issue a certificate of appealability.

**IV.   Conclusion**

The Court ACCEPTS the Report and Recommendation [Doc. No. 6] and DISMISSES Loveless's § 2241 petition without prejudice.

IT IS SO ORDERED this 26th day of November 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE